United States District Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNY ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-2613 |
| | § | |
| TEXAS DEP'T OF CRIMINAL JUSTICE, | § | |
| CHIEF OF CLASSIFICATION DEP'T, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Denny Robinson, an inmate in the Texas Department of Criminal Justice ("TDCJ"), filed a civil rights complaint alleging that an erroneous classification renders him ineligible for release to mandatory supervision. He sues the Chief of TDCJ's Classification Department for injunctive relief requiring an adjustment to his classification. The defendant now moves to dismiss the complaint for lack of subject matter jurisdiction.

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

The defendant argues that Robinson cannot sue TDCJ because it is a state agency which enjoys sovereign immunity from suit. While the assertion that TDCJ enjoys sovereign immunity

may well be correct, it is irrelevant to this case because Robinson does not sue TDCJ, but the Chief of TDCJ's Classification Department. *See* Dkt. Entry No. 1 at 3. It is beyond dispute that a state official or employee may be sued for injunctive relief to remedy an ongoing harm. *See Ex Parte Young*, 209 U.S. 123 (1908). Because the motion to dismiss does not address this issue, it articulates no basis for dismissal. Accordingly, the Motion to Dismiss (Dkt. Entry No. 10) is **DENIED**.

SIGNED at Houston, Texas on September 21, 2026

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE